Hiram LEWIS, Plaintiff,

v.

THE ARTHUR B. HODGES CENTER, INC., Defendant.

No. CIV.A.2:01–1–14.

United States District Court,
S.D. West Virginia.

March 6, 2002.

Roger D. Forman, Jason Huber, Forman & Crane, Charleston, WV, for Plaintiff.

Timothy L. Mayo, Nathaniel K. Tawney, Flaherty, Sensabaugh & Bonasso, Charleston, WV, for Defendant.

## MEMORANDUM OPINION AND JUDGMENT ORDER

HALLANAN, Senior District Judge.

Currently pending before the Court is Plaintiff's Motion to Remand and Plain-

tiff's Memorandum of Law in Support of Motion to Remand. In response, Defendant filed a Memorandum of Law in Opposition to Plaintiff's Motion to Remand. Also currently pending before the Court is Defendant's, The Arthur B. Hodges Center, Inc.'s, Motion to Dismiss and Memorandum in Support of Defendant's, The Arthur B. Hodges Center, Inc.'s, Motion to Dismiss. Plaintiff filed Plaintiff's Response to Defendant's Motion to Dismiss and Defendant filed its Reply to Plaintiff's Response to Defendant's Motion to Dismiss. Having reviewed both motions, all memoranda of law both in support and opposition, as well as all relevant case and statutory law, the Court is now prepared to issue its decision.

## STATEMENT OF FACTS

On July 31, 1999, Plaintiff Hiram Lewis arrived at Defendant The Arthur B. Hodges Center, Inc. ("ABHC" or "the facility") to visit his great aunt, a resident at the facility. At the conclusion of visiting hours, employees of ABHC asked Plaintiff to leave the facility because visiting hours were over. Plaintiff refused to leave ABHC and Defendant called private security guards who arrived and also directed Plaintiff to leave; again, Plaintiff refused to leave the facility. Officers of the Charleston Police Department arrived at the facility and asked Plaintiff to leave; again, Plaintiff refused to leave the facility. After Plaintiff refused to leave ABHC, the officers forcibly removed Plaintiff from the facility, arrested and charged Plaintiff with various criminal offenses. Although Plaintiff represents that the criminal offenses with which Plaintiff was charged have since been dismissed, Defendant maintains that the charges' disposition is unknown.

After the aforementioned event, the West Virginia Department of Health and Human Resources ("WVDHHR") investigated the incident and determined that Defendant had violated a regulation. Specifically, WVDHHR found that ABHC "failed to allow all residents the right to deny or withdraw consent for visitation of a family member" pursuant to 42 C.F.R. § 483.10(j)(1) and (2). Thereafter, Plaintiff filed suit in the Circuit Court of Kanawha County, West Virginia, on May 16, 2001. In its Complaint, Plaintiff asserted the following causes of action against Defendant: 1. Outrage; 2. Violation of Public Policy; 3. Negligence; 4. Malicious Prosecution; 5. Third Party Beneficiary of a Contract; and 6. Negligent Hiring, Training, and Retention[1]. In its Answer, Defendant responded to Plaintiff's Complaint and also asserted a number of affirmative defenses. Additionally, Defendant timely removed the case filed in state court pursuant to 28 U.S.C. § 1446(b). Thereafter, Plaintiff filed its Motion to Remand and Defendant filed its Motion to Dismiss.

## DISCUSSION

The Court will first address Plaintiff's Motion to Remand, as the disposition of the Motion will determine whether or not the Court need address Defendant's, The Arthur B. Hodges Center, Inc.'s, Motion to Dismiss.

### Plaintiff's Motion to Remand is Granted

■ "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). If it ap-

---

1. Plaintiff had also asserted Abuse of Process, Defamation, and Slander as additional causes of action. Yet, those causes of action were dismissed voluntarily by a joint stipulation of the parties entered on February 22, 2002.

**726**

pears that a case was not properly removed to the district court, because the district court did not have original jurisdiction, then the district court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). Additionally, the Fourth Circuit has made it clear that removal statutes must be construed strictly against removal and that the burden of establishing the propriety of removal rests with the removing party. *Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir.1994). "If federal jurisdiction is doubtful, remand is necessary." *Watson v. Charleston Housing Auth.,* 1999 WL 1455084 (S.D.W.Va.) (*citing Mulcahey,* 29 F.3d at 151).

 Defendant asserts that removal of the case at bar is proper pursuant to the Court's "federal question" jurisdiction, as conferred upon the Court by 28 U.S.C. § 1331, because Plaintiff allegedly maintains that this litigation arose under federal law. As the Supreme Court has held, "[s]ince the first version of § 1331 was enacted, Act of Mar. 3, 1875, ch. 137, § 1, 18 Stat. 470, the statutory phrase 'arising under the Constitution, laws, or treaties of the United States' has resisted all attempts to frame a single, precise definition for determining which cases fall within, and which cases fall outside, the original jurisdiction of the district courts." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 8, 103 S.Ct. 2841, 2845–46, 77 L.Ed.2d 420 (1983). The Fourth Circuit has held that in order to determine whether or not an action presents a federal question pursuant to 28 U.S.C. § 1331, a court first must determine whether federal or state law creates the cause of action. *Mulcahey,* 29 F.3d at 151. If state law creates the cause of action, as is the case presently before the Court, federal question jurisdiction "depends on whether the plaintiff's demand 'necessarily depends on resolution of a *substantial* question of federal law.'" *Id.;*

*citing Franchise Tax Bd.,* 463 U.S. at 13, 103 S.Ct. at 2848. Importantly, "a state-created cause of action may also arise under federal law if the resolution of the dispute depends on the validity, construction or effect of federal law, so long as the federal question is a *real and substantial issue* ... and its resolution is an essential element of plaintiff's case." *City Nat'l Bank v. Edmisten,* 681 F.2d 942, 945 (4th Cir.1982) (emphasis added).

Plaintiff asserts that "[t]he claims involved in this dispute do not arise under federal law and therefore this Court lacks subject matter jurisdiction." (Pl.'s Mot. to Remand at ¶ 1). In support of its position, Plaintiff acknowledges that although Defendant's action allegedly violated 42 C.F.R. § 483.10(j)(1), a federal law, Plaintiff's claims allegedly do not arise under federal law. (Pl.'s Mem. of Law in Supp. of Mot. to Remand at 4). Plaintiff maintains that the presence of the federal regulation is collateral, peripheral and remote when compared with Plaintiff's underlying state law causes of action. *Id.* Thus, Plaintiff asserts that the case at bar should be remanded to state court.

In response, Defendant asserts that the majority of Plaintiff's claims "expressly rely upon a claimed legal right to remain at a nursing home after visiting hours," and that Plaintiff relies on its interpretation of a federal statute as the source of the alleged right. (Mem. of Law in Opp'n to Pl.'s Mot. to Remand at 4). In support of its position, Defendant notes that when asked to identify the source of its alleged right, via Defendant's interrogatories to Plaintiff, Plaintiff cited both 42 C.F.R. § 483.10(j)(1) and (2) and public policy of West Virginia as sources of its alleged right. Defendant asserts that Plaintiff's failure to identify any specific source of West Virginia law that supports its position is not sufficient to indicate to the

Court that the state law of West Virginia indeed provides for the right to remain at ABHC after visiting hours. Thus, Defendant maintains that "this case presents a real and substantial federal issue whose resolution is an essential element of the plaintiff's case" and that the Court should deny Plaintiff's Motion to Remand. *Id.* at 8.

■ The Court holds that remanding the above-styled matter to the state court is proper because the Court does not have subject matter jurisdiction pursuant to 28 U.S.C. § 1331. There is no federal question jurisdiction, as 42 C.F.R. § 483.10 clearly refers to the rights *residents* of long-term care facilities have, not visitors such as Plaintiff. The federal regulation clearly does not provide any rights for visitors to these facilities and therefore, there is no real and substantial issue of federal law that needs to be addressed in order to decide Plaintiff's causes of action. The Court hereby **GRANTS** Plaintiff's Motion to Remand and **REMANDS** this case to the Circuit Court of Kanawha County, West Virginia. Consequently, the Court lacks jurisdiction to adjudicate Defendant's, The Arthur B. Hodges Center, Inc.'s, Motion to Dismiss.

The Clerk is directed to send a copy of this Memorandum Opinion and Judgment Order to all counsel of record and to transmit the entire file to the Clerk of the Circuit Court of Kanawha County, West Virginia.